**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **KEAYON HADLEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 04-3333-CM** |
| | ) | |
| **LOUIS BRUCE, WARDEN,** | ) | |
| **HUTCHINSON CORRECTIONAL** | ) | |
| **FACILITY and** | ) | |
| | ) | |
| **PHILL KLINE,** | ) | |
| **KANSAS ATTORNEY GENERAL,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Petitioner Keayon Hadley is currently in custody at the Hutchinson Correctional Facility in

Hutchinson, Kansas.  Petitioner applies for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the

following grounds: (1) petitioner was denied effective assistance of appellate counsel in violation of the Sixth

Amendment to the United States Constitution; (2) petitioner was convicted through the use of perjured

testimony in violation of his constitutional right to due process of law; and (3) the admission of certain

photographs at petitioner's trial violated the United States Constitution.  Respondents Louis Bruce,

Hutchinson Correctional Facility Warden, and Phill Kline, Kansas Attorney General, deny these allegations.

**I.      Procedural History**

On April 27, 1998, a Montgomery County, Kansas jury convicted petitioner of one count of

second degree murder in violation of Kan. Stat. Ann. § 21-3402.  Petitioner was sentenced to a term of life

imprisonment on June 16, 1998.  On June 25, 1998, petitioner appealed his conviction to the Kansas Supreme Court arguing the following issues: (1) the court erred by failing to give an accomplice witness instruction to the jury; (2) the court erred in admitting overly gruesome photographs; and (3) petitioner was denied the right to a fair and impartial judge.  The Kansas Supreme Court affirmed petitioner's conviction on June 2, 2000.  On October 26, 1998, petitioner filed his first petition for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507 in the District Court of Montgomery County, Kansas raising the following issues: (1) ineffective assistance of counsel due to petitioner's trial counsel's failure to file a motion to suppress evidence and failure to call petitioner as a witness; (2) constitutionally deficient jury instructions regarding the State's burden of proof and reasonable doubt; and (3) prosecutorial misconduct.  The District Court of Montgomery County denied petitioner's Kan. Stat. Ann. § 60-1507 petition.  Petitioner appealed only on his claim that his trial counsel was ineffective for failing to advise petitioner to testify.   On February 8, 2002, the Kansas Court of Appeals affirmed the denial of petitioner's first Kan. Stat. Ann. § 60-1507 petition.  The Kansas Supreme Court denied review.

Petitioner filed a second habeas corpus petition pursuant to Kan. Stat. Ann. § 60-1507 in the District Court of Montgomery County, Kansas on January 24, 2003.  In his second petition, he alleged (1) that his conviction was obtained through the use of perjured testimony; and (2) that he was denied effective assistance of counsel on direct appeal.  The District Court of Montgomery County denied petitioner's second Kan. Stat. Ann. § 60-1507 petition.  Petitioner appealed his ineffective assistance of counsel claim. On May 28, 2004, the Kansas Court of Appeals affirmed the denial of petitioner's second Kan. Stat. Ann. § 60-1507 petition.  The Kansas Supreme Court denied review on September 14, 2004.  On September 29, 2004, petitioner filed the instant request for relief pursuant to 28 U.S.C. § 2254.

-2-

## II.      Standard of Review

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the court reviews petitioner's claims pursuant to the provisions of the Act.  *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999).  The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).  Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct.  *Id.* § 2254(e)(1).

Under the first alternative, the court will find that a state court decision is contrary to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  Under the second alternative, the court will find that a state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  The key inquiry is whether the state court's application of the law was objectively unreasonable.  *Id.* at 409; *see also Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (observing that the "objectively unreasonable" standard of review is more deferential than the "clear error" standard).  The petitioner need not show that "all reasonable jurists" would disagree with the decision of the state court.  *Williams*, 529 U.S. at 409-10.

This court's review is limited; "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court does not review a state court decision for errors of state law. *Id.* ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations omitted).

## III.   Factual Background

Petitioner was charged with first degree murder for killing Brian Durnil on October 30, 1997, in rural Montgomery County, Kansas. Two teenage girls – Terra Smith and Shaneek Jones – testified that on the day of the murder, they, along with petitioner and Mr. Durnil, drove to a deserted area of Montgomery County. Once there, Mr. Durnil set up a bottle and shot it with his handgun. He then set the bottle up again and handed the gun to petitioner. Petitioner initially pointed the gun at the bottle, then turned toward Mr. Durnil and shot him.

The two girls ran down the hill from where the shooting took place. Ms. Jones testified that as petitioner came down the hill, she went back up to check on Mr. Durnil. At the top of the hill, she saw Mr. Durnil on the ground, still alive. Meanwhile, at the bottom of the hill, petitioner ordered Ms. Smith to retrieve a baseball bat from the car. Armed with the bat, he then went back up the hill, passing Ms. Jones who was coming back down. When petitioner returned, he stated that he had bashed Mr. Durnil in the head and that he was dead.

At trial, petitioner presented an alibi defense. He presented testimony of several friends and relatives who stated they saw him in the town of Independence, Kansas on the day and, roughly, time of the murder. Petitioner himself did not testify. After hearing all of the evidence, the jury found petitioner guilty

of second degree murder.

## IV.    Discussion

### A.    *Ineffective Assistance of Appellate Counsel*

Petitioner first claims that he was denied effective assistance of appellate counsel on direct appeal in violation of the Sixth Amendment to the United States Constitution.  Petitioner alleges that his court-appointed appellate counsel (1) failed to consult petitioner when making the decision to abandon petitioner's alibi defense on appeal; and (2) failed to challenge the sufficiency of the evidence supporting his conviction.[1]

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance.  *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).  Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail.  First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 687-88.  The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690.  Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

---

[1]  In his Traverse, petitioner states, "[t]he [petitioner] was prejudiced by counsels [sic] failure to brief constitutional issues properly raised in the trail [sic] court such as Jury Selection errors. . . . The failure to raise sufficiency [sic] of evidence issues."  Petitioner's arguments are directed only to the sufficiency of the evidence issue.  He makes no arguments regarding jury selection; he merely cites to the entire transcript of the hearing on his motion to discharge the jury panel.  Petitioner provides no support for his allegation, and the court finds his allegation conclusory and insufficient to support a claim for federal habeas relief.

"A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

### 1. *Failure to Consult Petitioner*

Petitioner argues that his appellate counsel failed to consult petitioner when making the decision to abandon his alibi defense. When the Kansas Court of Appeals reviewed petitioner's second habeas petition, it failed to address the merits of this claim. Ordinarily, the AEDPA standards apply to federal habeas claims; however, when, as here, the state court has not adjudicated the claim on the merits, the AEDPA standards do not apply. *Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). Instead, the court reviews "questions of law de novo and questions of fact for clear error." *Id.*

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). When reviewing this claim, the court considers all the information counsel knew or should have known. *Id.* Petitioner's appellate counsel was not deficient for failing to discuss abandoning petitioner's alibi defense on appeal. Appeal of petitioner's alibi defense would have required the state appellate court to reweigh evidence or pass on the credibility of witnesses. Kansas law prohibits the state appellate court from reevaluating the evidence and witness credibility. *State v. McCray*, 979 P.2d 134, 138 (Kan. 1999) ("On

appellate review, the credibility of witnesses will not be passed upon, conflicting evidence will not be weighed, and all questions of credibility are to be resolved in favor of the State."). The court will not find counsel ineffective for failing to make meritless arguments. *See Cargle v. Mullin*, 317 F.3d 1196, 1202-03 (10th Cir. 2003). For these reasons, the court finds that counsel's failure to consult petitioner before abandoning petitioner's alibi defense was neither objectively unreasonable nor prejudicial.

### 2.     Failure to Challenge the Sufficiency of the Evidence

Petitioner also argues that his appellate counsel was deficient for failing to raise a challenge to the sufficiency of the evidence on direct appeal. Petitioner argues that such a claim should have been raised because the testimony of the two eyewitnesses conflicted with other testimony presented. The state district court summarily dismissed petitioner's claim. Upon review of the record, the Kansas Court of Appeals determined that Kansas law prohibited petitioner's appellate counsel from raising the issue. Under Kansas law, an appellate court may not reweigh evidence or pass on the credibility of witnesses. *McCray*, 979 P.2d at 138. Counsel is not ineffective for failing to make meritless arguments. *See Cargle,* 317 F.3d at 1202-03. Because this argument was meritless, the court finds that counsel's failure to challenge the sufficiency of the evidence supporting petitioner's conviction was neither objectively unreasonable nor prejudicial and that the Kansas Court of Appeals properly applied the standards of *Strickland* in reaching this conclusion.

### B.     *Perjured Testimony*

Petitioner next claims that he was convicted through the use of perjured testimony in violation of his constitutional right to due process of law. Petitioner alleges that the trial court allowed the state's witnesses to change their testimony after testifying under oath. Petitioner further alleges that a state witness testified to

lying under oath regarding whether false statements were wilfully given concerning a material matter. Petitioner asserted this claim in his second state habeas petition. After review on the merits, the district court dismissed this claim. Petitioner did not pursue this claim on appeal before the state appellate court. The state appellate court determined that under Kansas law, petitioner waived or abandoned this claim.

Respondents argue that petitioner's claim is procedurally defaulted under the independent and adequate state ground doctrine. The doctrine prohibits federal habeas relief when the last state court to which the petitioner presented his federal claims "clearly and expressly" relied on an independent and adequate state law ground to resolve the petitioner's claims, unless the petitioner demonstrates cause for the default and actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 735, 748 (1991). To be "independent," the state appellate court's decision must rely on state law, rather than federal law. *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998). A state law ground is adequate if it is "strictly or regularly followed" and "applied evenhandedly to all similar claims." *Id.* (internal citations and quotations omitted).

The Kansas appellate court clearly and expressly stated that it deemed petitioner's claim waived or abandoned under Kansas law. The state procedural rule applied by the state appellate court – that petitioner waived or abandoned this claim by failing to raise it on appeal – is firmly established and regularly practiced in Kansas state courts. *See e.g., City of Roeland Park v. Jasan Trust*, 132 P.3d 943, 947 (Kan. 2006) (holding that an issue not briefed by an appellant is deemed waived or abandoned); *Pope v. Ransdell*, 833 P.2d 965, 972 (Kan. 1992) ("Where the appellant fails to brief an issue, that issue is waived or abandoned"). Petitioner has presented no evidence showing cause for the default or actual prejudice as a result of the alleged federal law violation. Therefore, the court finds that federal habeas

-8-

review of petitioner's allegation of constitutional error is barred by petitioner's procedural default.

C.      **Photographs**

Petitioner's final claim is that the admission of certain photographs at his trial violated the United States Constitution.  Petitioner argues that certain, unspecified photographs introduced at trial were unduly repetitious and gruesome and that the probative value of the photographs was outweighed by their repetitious and gruesome nature.  Respondents argue that this claim is also procedurally defaulted.

Petitioner raised this issue on direct appeal.  The Kansas Supreme Court determined that petitioner's claim failed because under state law, petitioner did not meet his burden to provide the state appellate court with an adequate record.  As explained above, absent cause and actual prejudice, federal habeas relief is prohibited when the state court "clearly and expressly" relies on an independent and adequate state law ground to resolve the petitioner's claims.  *Coleman*, 501 U.S. at 735, 748.  Here, the Kansas Supreme Court independently resolved petitioner's claims on adequate state law grounds.  *See e.g., Bookless v. McKune*, 926 P.2d 661, 663 (Kan. App. 1996) ("An appellant carries the burden to include in the record on appeal any matter upon which the appellant intends to base a claim of error. Without an adequate record on appeal to substantiate contentions, claims of alleged error must fail."); *Adams v. Via Christi Reg'l Med. Ctr.*, 19 P.3d 132, 141 (Kan. 2001) (same).  Petitioner has presented no evidence showing cause for the default or actual prejudice.  The court finds that federal habeas review of petitioner's allegation is barred by petitioner's procedural default.

**IT IS THEREFORE ORDERED** that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) is denied.

Dated this 13<u>th</u> day of June 2006, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**